IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00264-CR

 

Perry Andrew Pippillion,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 252nd District Court

Jefferson County, Texas

Trial Court No. 91250

 



MEMORANDUM  Opinion










 

      Pippillion appeals his conviction for
aggravated kidnapping.  See Tex.
Penal Code Ann. § 20.04(a) (Vernon 2003).  We affirm.

      In Pippillion’s first issue, he contends
that the trial court erred in overruling Pippillion’s objection to the State’s
closing argument.  Pippillion complains of the following argument:

And I will beg you to search through the entire
record where a neighbor from there on Hemlock or someone else who lived in the
2400 block of Hemlock or Peter Pippillion or Paul Pippillion ever said we
caught them coming out of the house.  We caught them stealing the stuff out of
the house.  You look through that whole record.

Pippillion argues that the argument constituted
a comment on his failure to testify.  See Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 2005); Wead
v. State, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004); Bustamante v.
State, 48 S.W.3d 761, 764-65 (Tex. Crim. App. 2001).  

      We review the trial court’s rulings on
objections to argument for abuse of discretion.  See Goff v. State, 931 S.W.2d
537, 548 (Tex. Crim. App. 1996) (plurality op.).  “A trial court abuses its
discretion when its decision is so clearly wrong as to lie outside that zone
within which reasonable persons might disagree.”  McDonald v. State, 179
S.W.3d 571, 576 (Tex. Crim. App. 2005); accord Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  

       “It is well settled that the prosecutor,
in argument, may comment on the defendant’s failure to call certain
witnesses.”  Bible v. State, 162 S.W.3d 234, 249 (Tex. Crim. App. 2005)
(quoting O’Bryan v. State, 591 S.W.2d 464, 479 (Tex. Crim. App. 1979)). 
“[P]rosecutorial comment on the absence of evidence is proper so long as ‘the
language can reasonably be construed to refer to [the] appellant’s failure to
produce evidence other than his own testimony.’”  Bible at 249 (quoting Patrick
v. State, 906 S.W.2d 481, 491 (Tex. Crim. App. 1995)).  

      The State’s argument constituted a comment
on Pippillion’s failure to produce corroborating witnesses.  The trial court
did not abuse its discretion in overruling Pippillion’s objection. 
Accordingly, we overrule Pippillion’s first issue.  

      In Pippillion’s second issue, he contends
that the trial court erred in overruling his objection to evidence of a sexual
assault committed by an accomplice during the criminal transaction in which
Pippillion and the accomplice participated.[1]  See Tex.
Penal Code Ann. § 22.011(a) (Vernon Supp. 2005).  “As a
prerequisite to presenting a complaint for appellate review, the record must
show that . . . the complaint was made to the trial court by a timely
request, objection, or motion . . . .”  Tex. R. App. P. 33.1(a).  “Except for complaints involving
systemic (or absolute) requirements, or rights that are waivable only
. . . all other complaints, whether constitutional, statutory, or
otherwise, are forfeited by failure to comply with Rule 33.1(a).”  Neal v.
State, 150 S.W.3d 169, 175 (Tex. Crim. App. 2004) (quoting Mendez v.
State, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004)) (alteration in Neal);
accord Reyna v. State, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005); see
Marin v. State, 851 S.W.2d 275, 277-80 (Tex. Crim. App. 1993). “An error
[if any] in the admission of evidence is cured where the same evidence comes in
elsewhere without objection.”  Lane v. State, 151 S.W.3d 188, 193 (Tex.
Crim. App. 2004) (quoting Valle v. State, 109 S.W.3d 500, 509 (Tex.
Crim. App. 2003)) (alteration in Lane); Leday v. State, 983
S.W.2d 713, 718 (Tex. Crim. App. 1998); Ethington v. State, 819 S.W.2d
854, 858-60 (Tex. Crim. App. 1991).  The witness testified to the sexual
assault for some three pages of the reporter’s record before Pippillion
objected.  Pippillion thus forfeited his complaint.  Accordingly, we overrule
Pippillion’s second issue.  

      Having overruled Pippillion’s
issues, we affirm.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

Affirmed

Opinion
delivered and filed April 26, 2006

Do
not publish

[CRPM]









[1]  Pippillion’s objection
at trial was simply to “relevan[ce].”  See Tex. R. Evid. 401-402.  His complaint on appeal is that the
evidence constituted inadmissible character evidence, see id. 404, and
that the evidence was substantially more prejudicial than probative, see id.
403.  We assume without deciding that Pippillion’s complaint on appeal comports
with his trial objection.  See Tex.
R. App. P. 33.1(a); Swain v. State, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005); Goff, 931 S.W.2d at 551; Willis v. State, 785
S.W.2d 378, 382 (Tex. Crim. App. 1989).